May it please the Court, this is a medical, or rather a legal malpractice case. It originally started in Colorado, then it was transferred to Illinois for an argument about personal jurisdiction. And then the Illinois court entered some re-judgment on the question of whether or not there was a duty of care owed by the lawyers to that particular client. Our position on appeal is that the trial court erred in how he approached the question of whether or not a duty of care was owed, and as a result of the erroneous approach, the trial court reached the wrong conclusion, and for that matter did not consider all of the information that the trial court should have considered. So the district judge relied upon the Blue Water Partners and Reddick decisions from Illinois. Correct. You don't mention them in your opening brief. Correct. Our position is that the reliance on the state court's substantive law was an error. Sorry? Reliance on state? Let me clarify where I think you were going with this, because you're only half right and it's the unimportant half. Under Byrd against Blue Ridge Electric, it is certainly the case that the allocation of jobs between the judge and the jury is a matter of federal law, and there's been some careless language in some of our cases, but the fact is it doesn't matter because the question whether there is a duty to somebody is absolutely a question of state law. Whether a jury is deciding in a federal court or whether the judge is deciding it is up to the federal court. First of all, addressing your premise, I disagree with the premise, because the question that gets answered by the district court becomes a slightly different question. It's a question of law for the judge to decide, or it's a question where, as a matter of law, the judge says, could a reasonable jury conclude? And I'm saying that a very long line of cases says that the question whether there is a duty from A to B is a substantive legal issue, and it's the kind of legal issue that judges decide in federal courts. It's the kind of question that judges decide in many cases, but not necessarily in medical or, rather, legal malpractice cases. The problem, Mr. Gordon, in this case is I don't see how this makes any difference given your failure to dispute any of the factual foundations for the summary judgment motion. We don't dispute any of the factual foundations because they didn't go to the heart. The only factual foundation... That's a legal argument, but if there's not a factual dispute, there's nothing for the jury to decide. There is something for the jury to decide because the jury can draw an inference from the facts that were undisputed that the duty existed. The most salient fact was whether or not the lawyers represented that particular individual, but that's not dispositive of whether or not there's a duty. Could I ask you about... You said you were critical a few moments ago of the district judge for not considering everything in the record. I assume you're referring to Mr. Henderson's affidavit? Correct, the expert report. It was pointed out that that was not dated, signed, or sworn, and the district judge said it tries to answer the ultimate question. I didn't see any response in your briefs to those points. As for the first point, I don't remember it that way. It's my honest answer, and if I'm wrong, then I'm wrong. The copy that you submitted with your brief is undated, unsigned, and unsworn. Okay, then I have to live with that fact. But I don't think it necessarily means that in the context of deciding whether or not a duty exists that the court is bound to reach the conclusion that there's no duty, nor do I think it's going to the second point, which was... Now I forgot the second point. The ultimate issue. The ultimate issue. It's only the ultimate issue if it's for the judge to decide de novo as opposed to for the judge to decide by referring to what a reasonable jury could conclude under the circumstances. As I understand your theory, Mr. Gordon, you think that there are... I mean, we've got all these Illinois cases that talk about who's the client for purposes of the duty here, and you seem to be arguing for a special rule for something you're calling the financial services industry, right? Because of the regulatory structures and practices, right? Yes. Actually, I suppose I could say I'm arguing for two special rules, one that has to do with the fact that this is unique to the financial services industry and the other being that this is a malpractice case, and just as a jury has to be informed about what the standard of care is for professionals, so too would the judge. On the financial services point, I guess I don't see any indication of that interest from the Illinois cases, but if you have, I'd be interested in knowing about it. I also would want to know, in essence, who you think could take advantage of that rule. Would the financial services industry include, we've got here commodities brokers, right? You'd presumably include stockbrokers as well, banks, credit unions? First question first. I can go on. I'm not aware of Illinois cases that tend to suggest that they would go in this direction. You're asking us to predict Illinois law, right? Right. I don't think there's any Illinois case one way or the other that tells us that they might carve out an exception from the financial services industry. And second of all, the phrase financial services industry is just intended to be a way to make the briefing a little easier and more coherent. All I'm really saying is this particular client and this particular lawyer, this particular lawyer should owe a duty of care to this particular client. I don't know why, in light of the rules of professional responsibility that make it very important for a lawyer to have well understood and written terms of engagement with clients, how you could cabin the kind of rule you're talking about. It's very common for a lawyer to be a lawyer for the XYZ Corporation and not the personal lawyer for the chief executive officer. For that matter, the person who answers the phone. It's well understood that legal entities get their own legal representation. This is kind of like you have to take the good with the bad. You get a lot of tax benefits and other things by creating these LLCs or corporations. But it means that the lawyer's duty runs to the entity. And there can certainly be conflicts of interest between the individual and the entity, whether it's in the financial services industry or whether it's in the construction industry where there's a plethora of entities frequently created or whether it's in any other kind of industry. So I just don't see where the signal is that Illinois would throw out the window, the rules of professional conduct that require clear engagement agreements and say it's just kind of what one party thought about it. Well, there's more to the rules of professional conduct than what you just cited there. There's also, I believe, it's rule 4.2 that says that when you're interacting with somebody who reasonably believes or you know they reasonably believe that you as the lawyer are representing them, you have an affirmative duty to take some action to disabuse of them. Now, I'm not saying that was the nature of the duty in this particular case. All I'm saying here is it's not inconsistent between the rules of ethics and the duty that I'm advocating for in this case. But Mr. Reynolds was the guy using corporate or LLC funds to pay counsel hired in the name of the LLC, right? That's correct. Okay, well, if you want to save a tiny bit of time for rebuttal, this would be a good time to do it. Ms. Harrison. Thank you, Your Honor. I'd like to address some of the points that have already been raised by the court. Let's start with the, I think, the overarching argument raised by the appellant about the framework applied to the issue raised in the summary judgment. The issue raised was very simple. Was there a duty between the appellee, law firm, and lawyers to the plaintiff? Did it exist arising out of an attorney-client relationship, either direct or indirect because of third-party beneficiary status? This very simple issue, the existence of a duty, the framework's already been set in numerous federal and state court cases. We have an Illinois federal court sitting in diversity jurisdiction. There's no conflict of law that's been raised.  Illinois law applies, and the framework applied is that it's a question of law for the court to answer in the first instance. There can be factual impact on the question, but it is a question of law. This has been affirmed in Sweregin, which is this court's opinion from the Seventh Circuit, in numerous Northern District of Illinois opinions, as well as by the Supreme Court of Illinois in Inouye State of Powell and in Pelham. So there's no, the district court applied the right framework. There was no legal error here. But there's no reason to think that even if we thought the judge-jury allocation was governed by federal law and the substance of whether there's a duty is governed by Illinois law, that federal courts would handle this question any differently from the way the Illinois courts do. Is there? No. No, it is. Federal courts regard the existence of a duty as the kind of question that the judge is supposed to decide, applying the relevant law. Applying the relevant law, and the Illinois courts as well as federal courts both acknowledge there can be factual disputes as to whether or not an attorney-client relationship has been formed. But no one raised any such disputes here. There's absolutely no disputed fact here. There's been no, I believe as one court put it, they have not, and I just, no specific facts that demonstrate a genuine material issue of triable fact that would render the malpractice or contract claims viable. There's no triable fact here, or no issue of triable fact. So in our contention, the district court committed no legal error. He got it right. On some of the other issues raised by Judge Hamilton with regard to the expert report, I would point out that even if it had been properly, was considered admissible, which we contend it was not, and the district court agreed, and it had not just set forth conclusions that there was a duty instead of, and been an actual report, I'm sorry, a proper submitted opinion. The district court said he read it that way. In his opinion on the motion to reconsider, he said, even if I considered this report, I still don't think it overcame the undisputed facts that showed that there was no attorney-client relationship or duty. Well, the part of the report that gets into that is kind of an, oh, by the way, sort of commentary. Exactly. It's kind of just stuck at the end of the report, and it relies heavily on another issue that was raised by the court. More kind of a policy argument than what's the Illinois law. Right. It's very much focused on the concept of the financial industries, and opining that in the financial services industry at issue in this case, there's no difference between the LLC and the members. However, Illinois law does not agree with that, nor do federal courts who have applied Illinois law agree with that. The LLCs are distinct entities. It has been repeatedly found in multiple opinions that your status as an officer, a director, a shareholder, in one case just one of two shareholders, does not render you a client of the attorney who represents the corporation or a third-party beneficiary of the relationship between the corporation and its attorneys. There has to be something more, and there's absolutely no evidence here of more. In this case, I've got to say, the policy argument for plaintiff makes some sense, right? You don't have any division. There's no conflict between the interests of the owner of the entity who is going to be the target of any sanction, any government sanction, and the LLC itself. And the advice that's at least alleged here, don't disclose these negative account balances, is going to have negative repercussions for both the entity and the individual if it turns out to be as wrong as it apparently was, right? Correct, on your factual point. I disagree with the concept that there could have been no conflict. There's always potential conflict, all right? But I'm just saying with respect to the question, do we disclose what the CFTC is going to expect us to disclose? Advice that's no is going to have negative consequences for both the individual and the entity. I agree that it does. It will have negative impact in the advice, but the courts have analyzed that as being incidental. There's always an incidental impact or there can be on officers or directors or shareholders from the advice given by the attorney to the corporation. And you're correct. In this instance, there was an incidental impact evidently in that. I suspect for Mr. Reynolds it feels less than incidental. I understand that, but it was not. He's the one prohibited from. He's the one prohibited and the company's gone because of the action. So the company also suffered because of it. But the courts have made clear, and I think it's a sound public policy, attorneys should know who they're representing. And while there may not have been a conflict in this little instance as to the ultimate impact on both, an attorney needs to know who their clients are to avoid such conflicts. And if you're going to set up an exception, there should be a clear grounds for when it would apply and when it wouldn't. Here, Mr. Reynolds testified that he knew they were the corporation's counsel. He knew that H&L represented the corporation. He testified that they never gave him any advice personally. He even testified that all of his claims arose out of legal services provided to the corporations. I don't think there was any factual grounds to warrant the exception, even if you could on public policy create one, to be applied in this case. And we certainly would disagree on even the creation of such an exception, but there's no grounds in this case to apply such a one. Well, now I can't read my own notes, so never mind. Judge Hamilton, I just wanted to point out the Blue Water Partners decision that you raised, I think was a very telling example if you were to read the record. We raised it ad nauseum in our summary judgment briefs and our motion to reconsider brief. The district court cites it in both his summary judgment opinion and the motion to reconsider opinion. We raised it again on appeal. We have a whole three pages devoted to it. Frankly, it's how I did the deposition was reading the Blue Waters. That's why the testimony matches up so clearly. And the failure of the plaintiffs to address it in any shape or form or to raise any facts that would disagree with it, even if they didn't address it directly, I think is very telling as to the very lack of grounds they have to show a duty exists in this case, either directly or indirectly. I guess in short, our argument boils down to the district court applied the correct analytical legal framework to the issue before it, whether a duty existed. Not its nature. That's not the issue. The issue was whether a duty existed, not its scope or anything else. And the plaintiffs set out no specific facts that demonstrated a genuine issue of triable fact. The district court's grant of summary judgment was correct, and we would ask that you affirm it. If there's no other questions, thank you. I see none. Thank you very much. I'll give you a full minute, Mr. Gordon. Thank you, Your Honor. So it kind of nicely boils it down. One question is, is this an incidental burden? This was a direct burden. And I'm not even commenting on whether it was a severe burden or not a severe burden. Clearly it was a severe burden, but it was a direct burden. And then, you know, when you're trying to decide as a court whether to impose a duty, it becomes this analysis of the totality of the circumstances. And what I would suggest to the court and final is, what's the burden on the lawyer in this case? How hard would it have been to just say, you should go get another lawyer because my burden here is clearly cut off at the limits of the LLC. And so I would ask that you reverse and remand for further proceedings. Thank you. All right. Thank you. Thanks to both counsel. We'll take the case under advisement, and the court will be in recess. Thank you.